**L.R. SMITH and Brotherhood of Locomotive Engineers and Trainmen, General Committee of Adjustment, Central Region (BLET), Petitioners**

v.

**FEDERAL RAILROAD ADMINISTRATION, Respondent**

**Union Pacific Railroad Company, Intervenor.**

No. 09–1230.

United States Court of Appeals, District of Columbia Circuit.

Oct. 12, 2010.

Thomas Howard Geoghegan, Despres, Schwartz & Geoghegan, Ltd., Chicago, IL, for Petitioners.

Paul Maitland Geier, Assistant General Counsel, Peter J. Plocki, Deputy Assistant General Counsel, U.S. Department of Transportation, Office of General Counsel, Roberta Janelle Stewart, Federal Railroad Administration, Washington, DC, for Respondent.

Donald J. Munro, Jones Day, Washington, DC, for Intervenor.

Before: SENTELLE, Chief Judge, ROGERS and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal on petition for review of an order of the Federal Railroad Administration was presented to the court and briefed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

L.R. Smith, a former engineer who worked for Union Pacific ("the railroad"), petitions for review of the decision of the Federal Rail Administrator affirming the dismissal by the Locomotive Engineer Review Board ("the Board") of Smith's petition for review of the railroad's decision to suspend his locomotive engineer's certificate. Smith challenges the agency's interpretation of its regulations and contends that he was denied due process under the Fifth Amendment of the Constitution. He can prevail on neither issue, and we deny the petition because the Administrator's decision was not arbitrary or capricious or contrary to law. *Nat'l Ass'n of Gov't Emp., Local R5–186 v. Fed. Labor Rela-*

*tions Auth.*, 363 F.3d 468, 474 (D.C.Cir. 2004).

The record shows that on January 9, 2005, Smith failed a random breath alcohol test while on duty. The railroad suspended his certificate the same day. On January 17, 2005, Smith signed a document accepting the revocation of his certificate and waived the 49 C.F.R. 240.307 process. His engineer certificate was revoked by the railroad from January 9 to October 10, 2005. He also was dismissed from employment. At the time of his dismissal, Smith signed a one-time return to service agreement, setting conditions. The railroad thereafter notified Smith on February 7, 2006, that he was dismissed because the Employee Assistance Program Manager had advised that Smith, on the day before, was in violation of the service agreement. The railroad notified Smith in writing that his engineer certificate was suspended. The railroad denied Smith's appeal by letter of May 30, 2006.

The Federal Railroad Administration ("FRA") has promulgated regulations pursuant to the Rail Safety Improvement Act of 1988, 49 U.S.C. § 20135, *see* 56 Fed. Reg. 28,228 (1991); 49 C.F.R. § 1.49(m), providing for three levels of appeal: by petition to the Board, 49 C.F.R. § 240.401; by review of the Board's decision by an Administrative Hearing Officer, *id.* §§ 240.407, 409; and by appeal to the Administrator, *id.* § 240.403(e), 240.411.[1] The regulations required Smith to file a "complete" petition, including "all written documents in the petitioner's possession that document the railroad's decision." 49 C.F.R. § 240.403(b)(5).

Smith petitioned the Board on June 8, 2006, claiming his certification was revoked without a railroad on-the-property hearing or other required federal regulatory procedures. The Board requested Smith, who was represented by counsel, on three separate occasions to file the documents in his possession to support his petition. Neither Smith nor his counsel responded. The Board, therefore, dismissed his petition. Smith then sought a hearing before an Administrative Hearing Officer, who ruled he lacked jurisdiction. Upon further appeal, the Administrator issued a show cause order directing Smith to explain why he did not "submit the [Substance Abuse Professional ("SAP")] reports or other documents in his possession or obtainable by him" to the Administrator and the Board or to submit the documents. Smith responded by arguing, through counsel, that he had no obligation to file the SAP reports, while the railroad did as part of its defense. The Administrator found that Smith had not: (1) demonstrated excusable neglect for his failure to respond to the Board's request for documents; (2) presented his objections to the request for documents before the Board; or (3) produced the required documents in compliance with the show cause order. Smith now contends that the FRA violated both the Administrative Procedure Act and the Constitution when it dismissed his case for failure to supplement his petition with a document not in his possession, control, or custody. *See* 49 U.S.C. § 20114(c).

---

**1.** The FRA adopted a certification scheme for identifying individuals qualified to operate locomotives, 49 C.F.R. § 240.1, and prescribed minimum federal safety standards, *id.* § 240.1(b); *see also id.* § 240.117 & 240.307(b)(1). Each railroad, in turn, is required to develop and maintain a certification program, and may impose higher standards and deny certification based on those standards. 49 C.F.R. §§ 240.101, 240.1. Prior to or upon suspending an engineer's certificate, the railroad must provide notice and an opportunity for a hearing. 49 C.F.R. § 240.307(b); however, the right to a hearing may be waived if done in writing, *id.* § 240.307(f).

The court will defer to an agency's reasonable interpretation of its regulations. *See Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). But regardless of whether the Administrator reasonably determined "possession" under 49 C.F.R. § 240.403(b)(5) to mean constructive possession, the railroad was obligated under the regulations to provide Smith with a copy of the SAP report upon his request, 49 C.F.R. § 40.329(c). Smith does not suggest he ever made such a request. Additionally, Smith does not deny that he had in his actual possession other documents relevant to his petition that he did not submit to the Board, such as the letter from the railroad notifying him of the suspension of his certificate. Further, Smith offered no explanation for failing to respond in any manner to the Board's requests. Nor did he produce any documents for the Administrator. Under the circumstances, the Administrator could properly find that Smith failed to demonstrate excusable neglect under 49 C.F.R. § 240.403(d)(2). Hence, Smith's challenges to the railroad's suspension and its claim he waived his right to challenge that suspension come too late and are waived. *See Nuclear Energy Inst. v. EPA,* 373 F.3d 1251, 1297–98 (D.C.Cir.2004).

Similarly without merit is Smith's due process claim. Assuming he could show that he had a property interest in his engineer certificate, *see Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the FRA afforded him ample process. *See Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Smith exercised his rights of appeal and had the opportunity to present his arguments in support of his petition upon complying with the FRA's regulations and the Board's reasonable requests for documentation. In any event, Smith presented no evidence to show the railroad was a state actor. *See, e.g., Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).